**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-544-2-PHX-ROS (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Micah Lynn Bowens, | ) | |
| Defendant. | ) | |

This matter arises on Defendant's Motion to Re-open Detention Hearing and for Pretrial Release (docket # 133), filed on July 9, 2007. The Government's Response erroneously treats this Motion as an "appeal of the [Las Vegas] Magistrate Judge's Order detaining defendant pending trial as a flight risk" and "requests that this court affirm the Magistrate Judge's Order detaining defendant Bowens as a flight risk." (docket # 141 at 1) The Court gives no weight to the Government's Response and the exhibits attached thereto other than the Government generally opposes Defendant's release.

This issue has been specifically referred to the undersigned on July 30, 2007 (docket # 148) by the assigned District Judge because the assigned Magistrate Judge identified on the Indictment, the Hon. Edward C. Voss, is currently out-of-district and the duty magistrate judge when the motion was filed, the Hon. Michelle Burns, likely has a conflict of interest as a result of her former relationship with the U.S. Attorney's Office in Phoenix during the federal investigation of the subject charges in the Indictment.

The Court has reviewed and considered the subject motion, the Government's general opposition to release, and Defendant's July 25, 2007 Reply. The motion will be denied as it fails to set forth new and a material change in circumstances that would warrant a second detention hearing or a re-opening of the detention issue. Moreover, any appeal (review) at this time of the Las Vegas Magistrate Judge's detention order is untimely. Rule 59(a), FED.R.CRIM.P.; *United States v. Tooze*, 236 F.R.D. 442 (D. Ariz. 2006); *In re De Mayolo*, 2007 WL *4 1121303 (N.D. Iowa) (except "[a] district court judge retains the authority to review *de novo* any aspect of a magistrate judge's ruling on a nondispositive matter in a criminal case, even if neither party files a timely objection.").

Title 18 U.S.C. §3142(f) expressly provides that a detention hearing may be reopened only:

> if the judicial officer finds that **information exists that was not known to the movant** at the time of the hearing and that has **a material bearing** on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(emphasis added.)

Thus, a defendant must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known to a defendant at the time of the initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (testimony of defendant's family and friends is not new evidence to warrant reopening of detention). The rationale for the rule is discussed in *United States v. Flores*, 856 F. Supp. 1400 (E. D. Cal. 1994) wherein the defendant's motion to reopen detention hearing was denied.

> There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially. See, e.g., Fed.R.Civ.P. 60(b); *United States v. Oliver*, 683 F.2d 224 (7th Cir.1982) (failure to exercise diligence in locating witnesses before criminal trial precludes new trial based on newly discovered evidence). A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice.

1 | 856 F. Supp. at 1406.

2 |     Defendant's Reply indicates that current defense counsel is quite aware that new, previously-unavailable information material to release is required to warrant a second detention hearing or a re-opening of the detention issue when he cites the undersigned's case, *United States v. Baucum*, 2001 WL 1448604 (D. Ariz. 2001). Defendant's Reply raises **for the first time** that the detention "hearing [issue] should be reopened because [Defendant] has provided new and material information not known at the time of the original hearing" when he suggests that this Court should not consider the Government's newly-provided evidence not presented by the Government at the Las Vegas detention hearing. (docket # 147 at 2)  The Court agrees with these cited limitations but it also applies equally to the United States Government and charged defendants.

    Defense counsel's Motion references his client's "very little criminal history and most of it is more than 15 years old" and Defendant's "most recent [non-Arizona] offense arising out of an allegation in Douglas, Georgia, is more than 10 years old and resulted in diversion." (docket # 133 at 3) From footnote 1 of his Reply, Defendant suggests that this 1994 State of Georgia criminal charge "has been resolved, remitted and dismissed." (docket # 147 at 2) This information was either known, or should have been known,[1] by Defendant at the time of the Las Vegas hearing to share with his Las Vegas defense counsel to communicate to Magistrate Judge Peggy A. Leen.  Moreover, the Nevada PTS Report (docket # 149) clearly reflects, albeit inferentially, to Judge Leen that Defendant successfully completed probation. Had a warrant been issued for Defendant's failure to appear in Georgia or were a petition to revoke probation filed in the Georgia case, such information likely, but not always, would have been reflected in the PTS Report. It is common knowledge amongst magistrate judges and others familiar with the federal criminal process that this reported information contained in a federal pretrial report originates from the NCIC criminal data base.

---

[1] This Magistrate Judge does not find that Defendant's representation that he "was not aware that the matter [in Georgia] was unresolved when he moved to Nevada." (docket # 133 at 3)

- 3 -

1 Thus, Judge Leen likely knew that Defendant successfully completed probation in Georgia.
2 Whether Defendant's success was through a diversion program, instead of a successful
3 completion of probation, would have been immaterial Judge Leen because each result is
4 essentially the same, *viz.*, Defendant complied with court orders. Thus, the absence of
5 Defendant possessing any "paperwork confirming his belief that he had completed probation"
6 at the May 17, 2007 detention hearing is not meaningful or material to Judge Leen because
7 she likely knew Defendant successfully complied with his Georgia probation. If written
8 confirmation were thought to be that important by Las Vegas defense counsel or Judge Leen,
9 nothing prevented defense counsel from requesting a short continuance to provide this written
10 confirmation of defense counsel's proffer, to call the Georgia attorney who represented
11 Defendant to testify over the telephone, or, if thought important to Judge Leen, to *sua sponte*
12 continue the detention hearing to obtain this information.

13 Defendant's restating the known and obvious contained in, or conclusions drawn
14 from, the Las Vegas Pretrial Services Report (docket # 149) that he has been a resident of
15 Henderson, a bedroom community to Las Vegas, for 12 years; that Defendant "has significant
16 family ties" to the Las Vegas community where he resides "with his fiancé and two children"
17 and that his "mother lives nearby [with whom] he either speaks with her daily or sees [] on
18 a daily basis"; and "has close family ties" in Las Vegas is not new, material information not
19 known at the time of the original hearing within the meaning of Title 18 U.S.C. § 3142(f)
20 ("The hearing may be reopened, [] if the judicial officer finds that information exists that was
21 not known to the movant at the time of the hearing and that has a material bearing on the
22 issue" of release). Similarly, the fact that Defendant "coaches little league for his son," earned
23 Little League "Coach if the Year" award; and has achieved a higher education (degree from
24 Morehouse College and MBA in business) with honors were all known to Defendant at the
25 time of his detention hearing in Las Vegas. The time for presenting letters from parents of
26 Defendant's Little League players was at the time of the Las Vegas hearing, not nearly two
27 months later.  No explanation is provided why such testimonials could not have reasonably
28 been obtained prior to the May 17, 2007 detention hearing. Furthermore, why Defendant's

1 mother's, also a resident of nearby Henderson, Nevada, is now available to be Defendant's
2 third-party custodian or why she was not available or willing to act as Defendant's third-party
3 custodian is left unanswered in Defendant's briefings. Even if his mother were not willing or
4 available to serve as a third-party custodian at the time of the detention hearing for her adult
5 son but does now agree to do so and, assuming she is an appropriate third-party custodian, the
6 availability of Defendant's mother as third-party custodian instead of another responsible
7 family member (fiancé, Gina Greco, or step-brothers living in the Henderson area) is not
8 answered by defense counsel and does not now constitute a material change in circumstances
9 to justify re-examination of Defendant's detention. If Defendant's mother was not available
10 or willing to act as Defendant's third-party and if Judge Leen had thought that release to some
11 third-party was a strong option, no doubt, Judge Leen would have inquired and Defendant
12 would have identified another responsible family member to act as a possible third-party
13 custodian.

14 Defendant and his Las Vegas attorney knew or should have known that
15 Defendant was not entitled to a "second bite of the detention apple" in Arizona if the
16 detention issue did not go his way in Las Vegas. Defendant gambled that his "home field"
17 would be more favorable to release of a Nevada resident. It was not. Defendant must now
18 abide by the consequences of that decision.

19 Accordingly,

20 **IT IS ORDERED** that Defendant's Motion to Re-open Detention Hearing and for
21 Pretrial Release (docket # 133) is **DENIED** for failure to set forth a material change in
22 circumstances to justify a second release hearing.

23 DATED this 30th day of July, 2007.

Lawrence O. Anderson
United States Magistrate Judge